IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELICA POLANCO,

    Plaintiff,

    v.                                                                                Case No. 1:22-cv-00765-KWR-JFR

PRUCO LIFE INSURANCE COMPANY,
WILLIAM A. FORTNER, HEATHER FORTNER,
and MOUNTAIN WEST INSURANCE & FINANCIAL
SERVICES, LLC,

    Defendants.

## ORDER REMANDING CASE

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand and for Attorney Fees and Costs **(Doc. 15)**. Having reviewed the pleadings and applicable law, the Court finds that Plaintiff's Motion is **WELL TAKEN** in part and, therefore, is **GRANTED IN PART.** This case is remanded to the First Judicial District Court, Santa Fe County, State of New Mexico for lack of subject matter jurisdiction. However, the Court **DECLINES** to award Plaintiff fees.

## DISCUSSION

This case was filed in New Mexico state court. Plaintiff alleged eight state law claims related to the denial of a life insurance claim. **Doc. 1**. Defendants removed this case to federal court on the basis of diversity jurisdiction. However, on its face, the complaint indicates a lack of diversity jurisdiction, as both Plaintiff and the Fortner Defendants are New Mexico citizens. Although complete diversity was lacking, Defendants assert that Defendants William Fortner and Heather Fortner are fraudulently joined, as Plaintiff is unable to assert a claim against them. The Court concludes that Defendants did not carry their heavy burden of showing fraudulent joinder

of the non-diverse defendants. Because there is a lack of complete diversity, the Court lacks diversity jurisdiction and will remand this case pursuant to 28 U.S.C. § 1447(c). However, the Court denies Plaintiff's request for attorneys' fees.

I.   **Removal and Remand Standards.**

Federal courts are courts of limited jurisdiction. There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Defendants removed this case on the basis of diversity jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). The citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *See Dutcher v. Matheson*, 733 F.3d 980, 987-988 (10th Cir. 2013).

In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for Defendants to meet and poses a

standard "more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced."  *Montano v. Allstate Indemnity,* 211 F.3d 1278, 2000 WL 525592 at \*\*1-2 (10th Cir. 2000); *see also Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-53 (3d Cir. 1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.").[1]  The Court must "determine whether [the plaintiff] has any possibility of recovery against the party whose joinder is questioned." *Montano v. Allstate Indem.*, 211 F.3d 1278, at \*1 (10th Cir. 2000).

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *see also Montano v. Allstate,* 211 F.3d 1278, 2000 WL 525592 at \*\*1-2, 4 (10th Cir. 2000) (to prove fraudulent joinder, the removing party must demonstrate that there is "no possibility" that plaintiff would be able to establish a cause of action against the joined party in state court).  The Court may look beyond the pleadings in determining whether a party was fraudulently joined.  *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013).  However, an assertion of fraudulent joinder "does not mean that the federal court will pre-try…doubtful issues of fact to determine removability; the issue must be

---

[1] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence. *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at \*2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, No. 11–CV–628–TCK, 2012 WL 610001, at \*2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

capable of summary determination and proven with complete certainty." *Smoot v. Chicago, R.I & P.R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967).

II.     **The parties are not completely diverse and Defendants have not shown there is no possibility of a cause of action against the non-diverse Defendants.**

On its face, the complaint and notice of removal indicate a lack of diversity jurisdiction. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.* Here, Plaintiff and Defendants William Fortner and Heather Fortner are residents and citizens of New Mexico. Therefore, the parties are not completely diverse and this Court lacks diversity jurisdiction.

Defendants argue that complete diversity exists because Plaintiff fraudulently joined the non-diverse Defendants and cannot assert a claim against them. The Court disagrees. Plaintiff asserted eight state law claims, including the following against Defendant Pruco: breach of contract, breach of the duty of good faith and fair dealing, New Mexico common law Insurance Bad Faith, violation Unfair Insurance Practices Act, and Negligence. Plaintiff also asserted the following claims against the Fortner Defendants: Violation of the Unfair Practices Act, Tortious Interference with Contractual Relations, and Negligence.

Defendants invite the Court to pierce the pleadings and consider the evidence. The Court has done so. This case appears to involve an intricate analysis of state law depending on the resolution of factual issues, which appear to be disputed. This is not the type of case which the Court can conclude there is "no possibility" that Plaintiff can establish a claim against the non-

4

diverse Defendants.  Therefore, the Court concludes that it lacks diversity jurisdiction over this case, as the parties are not completely diverse.

### III.     Court declines to award Plaintiff attorneys' fees.

Plaintiff asks for attorney fees and costs incurred in seeking remand.  She argues that Defendants' fraudulent joinder argument was not objectively reasonable.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has held:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).  While an award of fees is within the discretion of the Court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).  Considering the totality of the circumstances, the Court concludes that Defendants had an objectively reasonable basis for removal and did not remove this case to prolong litigation or impose costs on Plaintiff.  Therefore, an award of attorney fees and costs to Plaintiff is not justified.

Moreover, Defendants had an objectively reasonable argument that the non-diverse defendants were fraudulently joined.  Although Defendants failed to carry their burden of proving fraudulent joinder, their underlying argument was objectively reasonable.

5

## CONCLUSION

Because there is a lack of complete diversity, this Court lacks diversity jurisdiction over this case and remands it to state court. 28 U.S.C. § 1447(c). However, the Court declines to award Plaintiff fees.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and for Attorney Fees and Costs **(Doc. 15)** is hereby **GRANTED IN PART** for the reasons described in this order.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the First Judicial District Court, Santa Fe County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**